Meyer, J.
(dissenting). Though CPLR 4536 expressly provides the “Comparison of a disputed writing with any writing proved to the satisfaction of the court to be the handwriting of the person claimed to have made the disputed writing shall be permitted” (italics supplied), the Trial Judge rejected the testimony of plaintiff’s expert because he had tried other cases in which the experts had testified that signatures cannot be compared and that only a handwriting sample containing a sufficient number of words and letters in normal script can be used for comparison. In doing so he did not make a factual determination that the signature exemplar was not Conrad Olson’s handwriting or that plaintiff’s expert’s opinion should not be credited for a reason going to its weight, rather than to the kind of exemplar used. Indeed, his statement that “It is difficult to find herein proof of a prima facie case,” on which the majority relies, shows that he rejected the expert’s testimony not on credibility but on an incorrect legal standard. This was egregious error of law for it not only flouted the statutory direction, but also deprived plaintiff of any possibility of cross-examining the experts from other cases on whose testimony the Judge relied.
Proof of Conrad Olson’s signature went to both execution of the notes sued on and Olson’s receipt of consideration for them since the expert testified that not only Olson’s signature on the notes but also his indorsement on two checks for $5,000 each drawn by Frank Felt to Olson’s order were genuine. No defense of payment was interposed by the estate and no finding with respect to payment was made by either court below. Nor was delivery an issue, the notes having been in Frank Felt’s possession at the time of Conrad Olson’s death and he having caused this action to be instituted on the notes. Plaintiff executrix would, therefore, be entitled to judgment on the notes if the expert’s testimony were accepted by the trier of fact. It having been rejected on erroneous legal grounds, rather than on a factual basis, there should be a reversal and a new trial.
*981 Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Meyer dissents and votes to reverse in an opinion in which Judge Jasen concurs.
Order affirmed.